(16 App. Div. 380.)

### HARLEM RIVER & P. R. CO. v. ARNOW et al.

(Supreme Court, Appellate Division, First Department. April 23, 1897.)

EMINENT DOMAIN—STAY PENDING APPEAL.

     The assessment of damages may be stayed pending an appeal from the judgment of condemnation.

Appeal from special term, New York county.

Condemnation proceedings by the Harlem River & Portchester Rail- road Company against Phoebe Jane Arnow and others. From an order denying a motion for a stay of proceedings, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

M. A. Fowler, for appellants.
Henry W. Taft, for respondent.

PER CURIAM. We think the stay of proceedings applied for in this case should have been granted. The judgment was a final de- termination that the property mentioned in the petition of the rail- road company was necessary for railroad purposes. All that remains is virtually the assessment of damages. That future proceeding may involve great expense, much of which would not be chargeable against the railroad company if the judgment should be reversed. With the serious question involved respecting the existence of a real necessity

on the part of the railroad company to have the possession of the premises, it is not reasonable to subject the defendants to this expense until the judgment appealed from is reviewed by the appellate court. The right to appeal from the judgment as a final judgment is not to be disputed, and there is nothing in the provisions of the Code relating to the subject of condemnation of lands which interferes with the right of the court to grant a stay. Nor can any injury result to the plaintiff by reason of such a stay. The statute provides that it may take possession of the land under the judgment by depositing in court the amount which the defendant claims to be the value of the land sought to be taken, and it can very readily acquire possession by complying with that provision of the statute.

We think that the order appealed from was wrong, and should be reversed, with $10 costs and disbursements, and the motion granted.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.